UNITED STATES DISTRICT COURT
*for the*
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANE LANDIS,   Case No. 19-      -CV

    Plaintiff,   Hon.

v.

SATINDER SINGH,
ROYAL ROADLINES LTD and
PIONEER STATE MUTUAL INSURANCE COMPANY,

    Defendants.
_____/

**Marc J. Mendelson P-52798**
**Derek J. Brackon P-61690**
Mike Morse Law Firm
Attorneys for Plaintiff
24901 Northwestern Highway, Ste. 700
Southfield, Michigan 48075
(248) 350-9050
derek@855mikewins.com
ashley@855mikewins.com
_____/

## COMPLAINT AND JURY DEMAND

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this Complaint pending in this Court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge.  MCR 2.113(C)(2)(b).

*s/ Derek J. Brackon*
_____
Marc J. Mendelson P-52798
Derek J. Brackon P-61690

1

NOW COMES Plaintiff, Jane Landis, by and through her attorneys, Mike Morse Law Firm, and for her Complaint against the above named Defendants, Satinder Singh, Royal Roadlines LTD and Pioneer State Mutual Insurance Company, hereby state as follows:

## THE PARTIES

1. At all times material hereto, Plaintiff, Jane Landis, was/is a resident of Carleton, County of Monroe, State of Michigan.

2. At all times material hereto, Defendant, Satinder Singh, upon information and belief, was a resident of the City of Brampton, Province of Ontario, Canada.

3. At all times material hereto, Defendant, Royal Roadlines LTD, upon information and belief, is a Canadian company located in and incorporated in the Province of Ontario, Canada.

4. Defendant, Pioneer State Mutual Insurance Company, is an insurance company, licensed to write insurance and conduct business in the State of Michigan, and this Defendant conducts business in Monroe County, Michigan.

## JURISDICTION AND VENUE

5. This action arises under 28 USCS § 1332 as there is complete diversity between the parties and this is an action for damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00).

6. This Court has supplemental jurisdiction over Plaintiff's claims arising under the Michigan No-Fault Act pursuant to 28 U.S.C. §1367(a).

7. The underlying motor vehicle collision from which the above captioned Complaint arises, as more fully described below, occurred in the County of Monroe, State of Michigan.

8. Venue in this matter is proper pursuant to 28 USCS § 1931 (b)(2) as a substantial part of the events giving rise to this claim occurred in the Eastern District of Michigan.

## COUNT I
## PLAINTIFF'S CLAIM OF NEGLIGENCE AS TO DEFENDANT, SATINDER SINGH

9. Plaintiff hereby repeats and realleges all of the allegations contained in paragraphs 1 through 8 as if repeated herein word for word.

10. On or about April 6, 2018, Plaintiff, Jane Landis, was the operator of a 2004 Toyota motor vehicle, bearing Michigan license plate number DCR7312, which motor vehicle was being driven in a careful and prudent manner in an easterly direction on Oakville Walz Road, at or near its intersection with Carleton West Road, in the Township of Ash, County of Monroe, State of Michigan.

11. At the aforementioned place and time, Defendant, Satinder Singh, was the operator of a 2003 Freightliner motor vehicle, bearing Ontario, Canada license plate number 2413PS, which motor vehicle said Defendant was driving in a careless,

reckless and negligent manner in a westerly direction on Oakville Walz Road, at or near its intersection with Carleton West Road, in the Township of Ash, County of Monroe, State of Michigan, when said Defendant did strike Plaintiff's vehicle, causing serious and permanent injuries to Plaintiff as hereinafter alleged.

12. On the aforementioned day and date, Defendant, Satinder Singh, owed a duty to operate his vehicle in a safe and careful manner in accordance with the Motor Vehicle Code of the State of Michigan and the Common Law and the Ordinances for the Township of Ash, County of Monroe.

13. Contrary to the duties owed to Plaintiff, Defendant, Satinder Singh, was negligent, careless and reckless in several respects, including the following:

    a. Failing to operate the motor vehicle with due care and caution in violation of MCL 257.627;

    b. Driving the vehicle carelessly and heedlessly with willful and wanton disregard for the safety and rights of others, MCL 257.626(a);

    c. Failing to keep the motor vehicle constantly under control;

    d. Failing to drive the vehicle on the roadway with due diligence and circumspection and to not endanger or be likely to endanger other persons or property, MCL 257.626(b);

    e. Failing to attempt to stop the vehicle when Defendant knew or should have known that failure to do so would naturally and probably result in injury to Plaintiff;

    f. Failing to observe the highway in front of Defendant's vehicle when Defendant knew, or should have known, that failure to observe

      Plaintiff's vehicle would endanger the life or property of other persons using the roadway;

g. Failing to yield to all approaching vehicles in violation of MCL 257.649;

h. Failing to exercise reasonable and ordinary care to keep sharp lookout so as to avoid striking Plaintiff's vehicle, in violation of MCL 257.40l;

i. Failing to operate the motor vehicle on the roadway in a manner and at a rate of speed that would permit it to be stopped within a safe distance, MCL 257.627(l);

j. Failing to make timely use of the braking system with which said vehicle is equipped;

k. Failing to give audible warning of said motor vehicle when reasonably necessary to ensure its safe operation in violation of MCL 257.706;

l. Operating said motor vehicle in excess of the posted limit in violation of MCL 257.628;

m. Operating his vehicle against traffic left of center in violation of MCL 257.634;

n. Negligently failing to drive entirely within a single lane in violation of MCL 257.642(1); and,

o. Performing other acts of negligence not yet known to Plaintiff but will be ascertained during the discovery of said litigation.

14. As a result of said collision, Plaintiff did suffer, and will continue to experience for an indefinite time into the future, severe and excruciating pain and suffering, humiliation and embarrassment, and loss of the natural enjoyments of life, due to her injuries, which include but are not limited to: injuries to her head, neck,

5

shoulders, chest, arms and knees, including: ***acromioclavicular joint arthrosis with impingement and a bone contusion of her right shoulder, disc bulging at C5-C6 and C6-C7, a laceration to her head requiring staple closure, hearing impairment, and multiple contusions***, among others, all of which constitute a serious impairment of body function and/or serious, permanent disfigurement.

15. In the event it should be determined that Plaintiff was suffering from any pre-existing conditions on the day and date of the incidents set forth in this Complaint, then, and in such event, it is averred that the negligence of Defendant exacerbated, precipitated and aggravated any such pre-existing conditions.

16. Plaintiff's damages include excess economic loss damages, including wage loss or actual future loss of earnings to the extent that such losses are recoverable in excess of the no-fault statutory monthly and yearly maximums, pursuant to MCL 500.3135(3)(c).

WHEREFORE, Plaintiff, Jane Landis, respectfully requests that judgment be entered in her favor against Defendant, Satinder Singh, for whatever amount in excess of $75,000.00 she is found to be entitled, as determined by the trier of fact, to fairly, adequately and fully compensate Plaintiff for her injuries and damages, together with interest, costs and reasonable attorney fees so wrongfully sustained.

## COUNT II
## NEGLIGENCE, OWNER'S LIABILITY and VICARIOUS LIABILITY CLAIM AS TO DEFENDANT, ROYAL ROADLINES LTD

17. Plaintiff hereby repeats and realleges all of the allegations contained in paragraphs 1 through 16 as if repeated herein word for word.

18. Defendant-owner, Royal Roadlines LTD, was the owner of the 2003 Freightliner motor vehicle driven by Defendant, Satinder Singh, involved in the subject incident and carelessly, recklessly and negligently entrusted said motor vehicle and the operation thereof to Defendant driver, Satinder Singh, the latter being a person incompetent and unfit to drive a motor vehicle upon the roadways of the State of Michigan by reason of inability, inexperience and consistently negligent and possibly intoxicated driving, all of which were known by Defendant, Royal Roadlines LTD, or should have been known in the exercise of reasonable care and caution by Defendant, Royal Roadlines LTD, and it is thereby negligent, independently, to Plaintiff.

19. Defendant, Satinder Singh, was acting and was operating the motor vehicle with the expressed and/or implied consent of Defendant, Royal Roadlines LTD, and, as such, Defendant, Royal Roadlines LTD, is responsible for the negligent acts of Defendant driver herein.

20. As a direct and proximate result of Defendant, Royal Roadlines LTD's, failure to observe the pertinent provisions of the Owners Liability Statute, MCL 257.401 et seq., Plaintiff suffered damages as stated herein, as well as exemplary damages.

21. Defendant, Royal Roadlines LTD, is liable under the Owners Liability Statute, MCL 257.401 et seq, for the negligence of Defendant, Satinder Singh.

22. On April 6, 2018, upon information and belief, Defendant, Satinder Singh, was acting within the course and scope of his employment with Defendant, Royal Roadlines LTD, when he negligently struck Plaintiff's vehicle while driving the 2003 Freightliner motor vehicle.

23. Based upon information and belief, Defendant, Royal Roadlines LTD, is vicariously liable under the doctrine of respondeat superior for the acts or omissions of Defendant, Satinder Singh, in that it employed the negligent driver, Defendant, Satinder Singh, and therefore, is responsible for all injuries arising from his negligence occurring within the course and scope of his employment.

WHEREFORE, Plaintiff, Jane Landis, respectfully requests that judgment be entered in her favor against Defendants, Satinder Singh and Royal Roadlines LTD, for whatever amount in excess of $75,000.00 she is found to be entitled, as determined by the trier of fact, to fairly, adequately and fully compensate Plaintiff for her injuries and damages, together with interest, costs and reasonable attorney fees so wrongfully sustained.

## COUNT III
## NEGLIGENT HIRING, RETENTION and SUPERVISION CLAIM AS TO DEFENDANT, ROYAL ROADLINES LTD

24. Plaintiff, Jane Landis, hereby adopts and incorporates by reference each and every allegation contained in paragraphs 1 through 23 of this Complaint as if more specifically set forth herein word for word and paragraph by paragraph.

25. On April 6, 2018, Defendant, Satinder Singh, was employed by Defendant, Royal Roadlines LTD.

26. Defendant, Royal Roadlines LTD, is responsible for those negligent acts performed within the scope of Defendant, Satinder Singh's, employment.

27. Defendant, Royal Roadlines LTD, hired Defendant, Satinder Singh.

28. Defendant, Royal Roadlines LTD, had a duty to investigate Defendant, Satinder Singh, Defendant, Satinder Singh's, driving record and Defendant, Satinder Singh's, driving ability.

29. Defendant, Royal Roadlines LTD, failed to properly investigate Defendant, Satinder Singh, Defendant, Satinder Singh's, driving record and Defendant, Satinder Singh's, driving ability and made insufficient efforts to investigate whether or not Defendant, Satinder Singh, was a safe, fit and competent driver.

30. Defendant, Royal Roadlines LTD, knew, had reason to know or should have known, that Defendant, Satinder Singh, had a record and/or was a dangerous, reckless and incompetent driver, and that he would be likely to use the vehicle provided in an unsafe manner involving unreasonable risk of physical harm.

31. Defendant, Royal Roadlines LTD, knew or had reason to know or should have known that by hiring Defendant, Satinder Singh, his use of a motor vehicle could involve the risk of physical harm to others. The acts and omissions of Defendant, Royal Roadlines LTD and/or Defendant, Satinder Singh, caused Plaintiff's injuries.

32. Defendant, Royal Roadlines LTD, failed to supervise or otherwise monitor, train, educate or discipline Defendant, Satinder Singh, with respect to unsafe operation of motor vehicles and failed to otherwise instill in him a sense of personal and professional responsibility and safety consciousness.

33. The negligence of Defendant, Royal Roadlines LTD, in hiring and/or retaining and/or supervising Defendant, Satinder Singh, was a proximate cause of Plaintiff's injuries.

WHEREFORE, Plaintiff, Jane Landis, respectfully requests that judgment be entered in her favor against Defendant, Royal Roadlines LTD, and Defendant, Satinder Singh, for whatever amount in excess of $75,000.00 she is found to be entitled, as determined by the trier of fact, to fairly, adequately and fully compensate Plaintiff for her injuries and damages, together with interest, costs and reasonable attorney fees so wrongfully sustained.

## COUNT IV
## CLAIM FOR FIRST PARTY BENEFITS AS TO DEFENDANT, PIONEER STATE MUTUAL INSURANCE COMPANY

34. Plaintiff hereby adopts and incorporates by reference each and every allegation contained in paragraphs 1 through 33 of this Complaint as if more specifically set forth herein word for word and paragraph by paragraph.

35. Prior to and including April 6, 2018, Plaintiff was insured with Defendant, Pioneer State Mutual Insurance Company, under the provisions of an automobile insurance policy, issued by Defendant, that was then in effect in accordance with the provisions of the No-Fault Insurance Act (No-Fault Act), MCL 500.3101 et seq., and for which applicable premiums were paid.

36. Under the terms and conditions of the automobile insurance policy, Defendant became obligated to pay to or on behalf of Plaintiff certain expenses or losses if Plaintiff sustained bodily injury in an accident arising out of the ownership, operation, maintenance, or use of a motor vehicle.

37. On April 6, 2018, Plaintiff was involved in a motor vehicle collision which occurred in the Township of Ash, State of Michigan, in which collision Plaintiff sustained accidental bodily injuries within the meaning of Defendant's policy and the statutory provision of MCL 500.3105.

38. As a result of the collision, Plaintiff has incurred:

    a. Reasonable and necessary expenses for care, recovery, or rehabilitation, pursuant to MCL 500.3107(1)(a);

   b.  Loss of wages pursuant to MCL 500.3107(1)(b);

   c.  Reasonable and necessary replacement services pursuant to MCL 500.3107(1)(c); and

   d.  Other personal protection benefits in accordance with the applicable no-fault provisions.

39. Reasonable proof for full payment of all personal protection insurance benefits has been or will be supplied, but Defendant has refused to pay or is expected to refuse to pay in the future.

40. Defendant has unreasonably refused to pay or has unreasonably delayed making proper payments to Plaintiff contrary to MCL 500.3142 and .3148 and continues to do so.

41. That in the event it should be determined that Plaintiff was suffering from any pre-existing conditions on the day and date of the incidents set forth in this Complaint, then, and in such event, it is averred that the aforementioned accident exacerbated, precipitated and aggravated any such pre-existing conditions, and Defendant is responsible for all no-fault benefits arising there from.

42. Defendant insurance company has wrongfully withheld payment of allowable expenses forcing Plaintiff, Jane Landis, to incur other expenses connected with the subject matter of this action, all of which expenses have been needlessly placed upon Plaintiff by the wrongful actions of Defendant. As such, Plaintiff is

entitled to obtain from Defendant interest, costs and a reasonable attorney fee pursuant to the provisions of the no-fault statute.

43.     Defendant has had sufficient information to pay all claims, and did not do so within the statutory 30-day time period, set forth under the Michigan No-Fault Act. Therefore, Plaintiff is entitled to attorney fees, costs and interest due to this breach. Plaintiff only seeks no-fault benefits that are past due and presently owed, and this Complaint does not seek future no-fault benefits.

WHEREFORE, Plaintiff, Jane Landis, seeks judgment against Defendant, Pioneer State Mutual Insurance Company, in an amount in excess of $75,000.00 that is fair, just and reasonable, and which sums include all past-due and presently-owed No-Fault benefits together with interest, costs and no-fault attorney fees. This Complaint does not seek future no-fault benefits past the date that this lawsuit resolves by settlement or trial.

## JURY DEMAND

Plaintiff, Jane Landis, by and through her attorneys, Mike Morse Law Firm, hereby respectfully demands a trial by jury on all issues in this cause of action.

>   Respectfully submitted,
>   MIKE MORSE LAW FIRM
>   Attorneys for Plaintiff
>
>   *s/ Derek J. Brackon*
>   _____
>   Marc J. Mendelson P-52798

|  |  |
|---|---|
|  | Derek J. Brackon P-61690 |
|  | 24901 Northwestern Highway, Suite 700 |
|  | Southfield, Michigan 48075 |
| Dated: April 1, 2019 | (248) 350-9050 |