**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**

JANE LANDIS,

Plaintiff,

-vs-

Case No. 19-CV-10962
Hon. Denise Page Hood

SATINDER SINGH, ROYAL ROADLINES LTD and PIONEER STATE MUTUAL INSURANCE COMPANY,

Defendants.
_____________________________________/

**MARC J. MENDELSON** (P52798)
**DEREK J. BRACKON** (P61690)
Mike Morse Law Firm
Attorney for Plaintiff
24901 Northwestern Hwy., Ste. 700
Southfield, MI 48075
(248) 350-9050 F: (866) 267-1231
derek@855mikewins.com

**PETER A. ANGELAS** (P41739)
Alexander & Angelas, P.C.
Attorneys for Def Pioneer
30200 Telegraph Road, Suite 400
Bingham Farms, Michigan 48025-4506
(248) 290-5600 F: (248) 290-5800
peter@alexanderandangelas.com
_____________________________________/

**ANSWER TO COMPLAINT**

**AFFIRMATIVE DEFENSES**

**RELIANCE UPON JURY DEMAND**

NOW COMES the above-named Defendant, Pioneer State Mutual Insurance Company, by and through its counsel, Law Offices of Alexander & Angelas, P.C., and in answer to the Plaintiff's Complaint which was filed on or about April 1, 2019, states as follows:

1. That in answer to Paragraph 1, Defendant neither admits nor denies the allegations contained therein since they are without knowledge or belief sufficient to respond, thereby leaving Plaintiff to her proofs.
2. That in answer to Paragraph 2, Defendant neither admits nor denies the allegations

contained therein since they are without knowledge or belief sufficient to respond, thereby leaving Plaintiff to her proofs.

3. That in answer to Paragraph 3, Defendant neither admits nor denies the allegations contained therein since they are without knowledge or belief sufficient to respond, thereby leaving Plaintiff to her proofs.
4. That in answer to Paragraph 4, Defendant admits the allegations contained therein.

**JURISDICTION AND VENUE**

5. That in answer to Paragraph 5, Defendant neither admits nor denies the allegations contained therein since they are without knowledge or belief sufficient to respond, thereby leaving Plaintiff to her proofs.
6. That in answer to Paragraph 6, Defendant neither admits nor denies the allegations contained therein since they are without knowledge or belief sufficient to respond, thereby leaving Plaintiff to her proofs.
7. That in answer to Paragraph 7, Defendant neither admits nor denies the allegations contained therein since they are without knowledge or belief sufficient to respond, thereby leaving Plaintiff to her proofs.
8. That in answer to Paragraph 8, Defendant neither admits nor denies the allegations contained therein since they are without knowledge or belief sufficient to respond, thereby leaving Plaintiff to her proofs.

**COUNT I**

**PLAINTIFF NEGLIGENCE AS TO DEFENDANT**

**SATINDER SINGH**

9. That in answer to Paragraph 9, no response is required.
10. That in answer to Paragraph 10, Defendant neither admits nor denies the allegations contained therein since they are without knowledge or belief sufficient to respond, thereby leaving Plaintiff to her proofs.
11. That in answer to Paragraph 11, Defendant neither admits nor denies the allegations contained therein since they are without knowledge or belief sufficient to respond, thereby leaving Plaintiff to her proofs.
12. That in answer to Paragraph 12, Defendant neither admits nor denies the allegations contained therein since they are without knowledge or belief sufficient to respond, thereby

leaving Plaintiff to her proofs.

13. That in answer to Paragraph 13 (including a-o), Defendant neither admits nor denies the allegations contained therein since they are without knowledge or belief sufficient to respond, thereby leaving Plaintiff to her proofs.
14. That in answer to Paragraph 14, Defendant neither admits nor denies the allegations contained therein since they are without knowledge or belief sufficient to respond, thereby leaving Plaintiff to her proofs.
15. That in answer to Paragraph 15, Defendant neither admits nor denies the allegations contained therein since they are without knowledge or belief sufficient to respond, thereby leaving Plaintiff to her proofs.
16. That in answer to Paragraph 16, Defendant neither admits nor denies the allegations contained therein since they are without knowledge or belief sufficient to respond, thereby leaving Plaintiff to her proofs.

WHEREFORE, Defendant, Pioneer State Mutual Insurance Company, respectfully prays for a Judgment finding that the Plaintiff has no cause for action together with an assessment of costs and attorney fees as permitted by law.

**COUNT II**

**NEGLIGENCE, OWNER'S LIABILITY and VICARIOUS LIABILITY CLAIM AS TO DEFENDANT, ROYAL ROADLINES LTD**

17. That in answer to Paragraph 17, no response is required.
18. That in answer to Paragraph 18, Defendant neither admits nor denies the allegations contained therein since they are without knowledge or belief sufficient to respond, thereby leaving Plaintiff to her proofs.
19. That in answer to Paragraph 19, Defendant neither admits nor denies the allegations contained therein since they are without knowledge or belief sufficient to respond, thereby leaving Plaintiff to her proofs.
20. That in answer to Paragraph 20, Defendant neither admits nor denies the allegations contained therein since they are without knowledge or belief sufficient to respond, thereby leaving Plaintiff to her proofs.
21. That in answer to Paragraph 21, Defendant neither admits nor denies the allegations contained therein since they are without knowledge or belief sufficient to respond, thereby

leaving Plaintiff to her proofs.

22. That in answer to Paragraph 22, Defendant neither admits nor denies the allegations contained therein since they are without knowledge or belief sufficient to respond, thereby leaving Plaintiff to her proofs.

23. That in answer to Paragraph 23, Defendant neither admits nor denies the allegations contained therein since they are without knowledge or belief sufficient to respond, thereby leaving Plaintiff to her proofs.

WHEREFORE, Defendant, Pioneer State Mutual Insurance Company, respectfully prays for a Judgment finding that the Plaintiff has no cause for action together with an assessment of costs and attorney fees as permitted by law.

**COUNT III**

**NEGLIGENT HIRING, RETENTION and SUPERVISION CLAIM AS TO DEFENDANT, ROYAL ROADLINES LTD**

24. That in answer to Paragraph 24, no response is required.

25. That in answer to Paragraph 25, Defendant neither admits nor denies the allegations contained therein since they are without knowledge or belief sufficient to respond, thereby leaving Plaintiff to her proofs.

26. That in answer to Paragraph 26, Defendant neither admits nor denies the allegations contained therein since they are without knowledge or belief sufficient to respond, thereby leaving Plaintiff to her proofs.

27. That in answer to Paragraph 27, Defendant neither admits nor denies the allegations contained therein since they are without knowledge or belief sufficient to respond, thereby leaving Plaintiff to her proofs.

28. That in answer to Paragraph 28, Defendant neither admits nor denies the allegations contained therein since they are without knowledge or belief sufficient to respond, thereby leaving Plaintiff to her proofs.

29. That in answer to Paragraph 29, Defendant neither admits nor denies the allegations contained therein since they are without knowledge or belief sufficient to respond, thereby leaving Plaintiff to her proofs.

30. That in answer to Paragraph 30, Defendant neither admits nor denies the allegations contained therein since they are without knowledge or belief sufficient to respond, thereby

leaving Plaintiff to her proofs.

31. That in answer to Paragraph 31, Defendant neither admits nor denies the allegations contained therein since they are without knowledge or belief sufficient to respond, thereby leaving Plaintiff to her proofs.
32. That in answer to Paragraph 32, Defendant neither admits nor denies the allegations contained therein since they are without knowledge or belief sufficient to respond, thereby leaving Plaintiff to her proofs.
33. That in answer to Paragraph 33, Defendant neither admits nor denies the allegations contained therein since they are without knowledge or belief sufficient to respond, thereby leaving Plaintiff to her proofs.

WHEREFORE, Defendant, Pioneer State Mutual Insurance Company, respectfully prays for a Judgment finding that the Plaintiff has no cause for action together with an assessment of costs and attorney fees as permitted by law.

**COUNT IV**

**CLAIM FOR FIRST PARTY BENEFITS AS TO DEFENDANT,**
**PIONEER STATE MUTUAL INSURANCE COMPANY**

34. That in answer to Paragraph 34, no response is required.
35. That in answer to Paragraph 35, Defendant admits the allegations contained therein.
36. That in answer to Paragraph 36, Defendant neither admits nor denies the allegations contained therein since they are without knowledge or belief sufficient to respond, thereby leaving Plaintiff to her proofs.
37. That in answer to Paragraph 37, Defendant neither admits nor denies the allegations contained therein since they are without knowledge or belief sufficient to respond, thereby leaving Plaintiff to her proofs.
38. That in answer to Paragraph 38 (including a-d), Defendant neither admits nor denies the allegations contained therein since they are without knowledge or belief sufficient to respond, thereby leaving Plaintiff to her proofs.
39. That in answer to Paragraph 39, Defendant neither admits nor denies the allegations contained therein since they are without knowledge or belief sufficient to respond, thereby leaving Plaintiff to her proofs.
40. That in answer to Paragraph 40, Defendant denies the allegations contained therein as

the same are untrue.

41. That in answer to Paragraph 41, Defendant neither admits nor denies the allegations contained therein since they are without knowledge or belief sufficient to respond, thereby leaving Plaintiff to her proofs.

42. That in answer to Paragraph 42, Defendant denies the allegations contained therein as the same are untrue.

43. That in answer to Paragraph 43, Defendant denies the allegations contained therein as the same are untrue.

WHEREFORE, Defendant, Pioneer State Mutual Insurance Company, respectfully prays for a Judgment finding that the Plaintiff has no cause for action together with an assessment of costs and attorney fees as permitted by law.

Law Offices of
**ALEXANDER & ANGELAS, P.C.**

By: /s/ Peter A. Angelas
PETER A. ANGELAS (P41739)
Attorney for Def Pioneer
30200 Telegraph Rd – Ste 400
Bingham Farms MI 48025-4506
(248) 290-5600
peter@alexanderandangelas.com

Dated: May 13, 2019

**AFFIRMATIVE DEFENSES**

NOW COMES the above-named Defendant, Pioneer State Mutual Insurance Company, by and through its counsel, Law Offices of Alexander & Angelas, P.C., and for its Affirmative Defenses, states as follows:

1. That the Plaintiff has failed to state a claim for which relief may be granted.

2. That the Plaintiff's alleged injuries did not arise out of the ownership, maintenance, operation or use of a motor vehicle as a motor vehicle as required for compensation under the Michigan No Fault Statute.

3. That personal protection insurance benefits, interest and/or attorney fees are due only upon timely receipt of reasonable proof of the fact and of the amount of loss sustained. MCLA §500.3141, MCLA §500.3142 and/or MCLA §500.3148.

4. That reasonable proof that Plaintiff sustained the amount of loss claimed has not been timely received by the Defendant.

5. That Defendant has complied with all the applicable statutes and insurance policy provisions in the handling of this claim.

6. That some or all of the medical services and/or accommodations received by the Plaintiff or the claims for wage loss benefits or replacement services made by the Plaintiff, may not have been reasonably necessary.

7. That some or all of the expenses claimed to have been incurred may not have been reasonable charges pursuant to the requirements of the Michigan No Fault Act.

8. That some or all of the medical services and/or accommodations received by the Plaintiff may not have been medically or causally related to this accident.

9. That the applicable insurance policy may contain a coordinated medical benefits provision that requires that any claims being made for medical expenses to be presented to the Plaintiff's primary health providers or plans prior to a claim being made for benefits from Pioneer State Mutual Insurance Company.

10. That a coordinated benefits policy may limit the obligations or liability of Defendant, Pioneer State Mutual Insurance Company.

11. That the Plaintiff's policy may contain coordinated wage benefit provisions which require that any claims being made for lost income be presented to another primary disability carrier or plan prior to a claim being made for benefits from Pioneer State Mutual Insurance Company. The effect of this coordination may limit the obligations and liability of the Defendant, Pioneer State Mutual Insurance Company.

12. That Defendant is entitled, as a matter of law, to subtract any workers' compensation, Social Security Disability payments, or other benefits of any kind required or provided under the laws of any state or federal government, pursuant to MCLA § 500.3109.

13. That Defendant, Pioneer State Mutual Insurance Company, may not be the proper insurance company against which to bring Plaintiff's claim pursuant to MCLA §500.3114.

14. That Plaintiff's claim may be barred under MCLA § 500.3113 as the Plaintiff was the owner or registrant of a motor vehicle for which he failed to maintain the proper security as required by MCLA §500.3101.

15. That under MCLA §500.3145(1), Plaintiff has failed to provide sufficient written notice of injury to the Defendant concerning no fault benefits within one year from the time of the accident.

16. That under MCLA §500.3145(1), Plaintiff may not recover benefits for any portion of the loss incurred more than one year before the date on which the action was commenced.

17. That Plaintiff's claims may be either excessive and/or fraudulent and pursuant to MCLA §500.3148(2) and/or common law, Defendant is entitled to an award of reasonable attorney fees.

18. That the Plaintiff has breached her obligations under the policy in question through her actions during the pendency of the claim.

19. That the Defendant is entitled to reasonably rely upon the findings and opinions of physicians who have examined and/or treated the Plaintiff pursuant to the authorizations for same given by Plaintiff, the Michigan Court Rules, and/or the Michigan No-Fault Act.

20. That the claims of the Plaintiff may be barred in whole or in part by a Release, Settlement Agreement or an Accord and Satisfaction.

21. That Defendant reserves any and all defenses provided by the Michigan No-Fault Act, MCLA §500.3101, et seq., and applicable case law.

22. That Plaintiff lacks standing to pursue the claims asserted herein.

23. That the claims of the Plaintiff may be barred in whole or in part by *res judicata* and/or collateral estoppel.

24. That the Defendant, Pioneer State Mutual Insurance Company hereby reserves the right to list such additional Affirmative Defenses as they are determined to exist during the course of discovery.

WHEREFORE, Defendant, Pioneer State Mutual Insurance Company, respectfully prays for a Judgment finding that the Plaintiff has no cause for action together with an assessment of costs and attorney fees as permitted by law.

Law Offices of
**ALEXANDER & ANGELAS, P.C.**

By: ____/s/ Peter A. Angelas_______
PETER A. ANGELAS (P41739)
Attorney for Def Pioneer
30200 Telegraph Rd – Ste 400
Bingham Farms MI 48025-4506
(248) 290-5600
peter@alexanderandangelas.com

Dated: May 13, 2019

**RELIANCE UPON JURY DEMAND**

NOW COMES the above-named Defendant, Pioneer State Mutual Insurance Company, by and through its attorneys, Law Offices of Alexander and Angelas, P.C., and hereby states that it relies upon the Jury Demand filed by the Plaintiff in the above-captioned matter.

Law Offices of
**ALEXANDER & ANGELAS, P.C.**

By: ____/s/ Peter A. Angelas_______
PETER A. ANGELAS (P41739)
Attorney for Def Pioneer
30200 Telegraph Rd – Ste 400
Bingham Farms MI 48025-4506
(248) 290-5600
peter@alexanderandangelas.com

Dated: May 13, 2019

**CERTIFICATE OF SERVICE**

I hereby certify that on **May 13, 2019** I electronically filed ***Answer to Complaint, Affirmative Defenses and Reliance Upon Jury Demand*** for and on behalf of Defendants***, Pioneer State Mutual Insurance Company*** and this ***Certificate of Service*** with the Clerk of the Court using the *eFile* system, and served a copy of same via Electronic Mail upon the party(s) listed below:

***Derek J. Brackon (*****Attorney for Plaintiff)** derek@855mikewins.com

I declare under the penalties of perjury that the statements made herein are true to the best of my information, knowledge and belief.

/s/ Dana R. Bennett